CITIZENS NATIONAL BANK OF GRAND ISLAND V.
E. A. WEDGWOOD.

FILED MAY 21, 1895.   No. 6151.

1. **Replevin:** FINDINGS: VALUE OF PROPERTY.   Where, by a
   special finding on sufficient evidence, there was fixed the value
   of replevied property upon which the mortgage of the plaintiff
   was operative, a judgment rendered on a general verdict limited
   to the same amount will not be disturbed.

2. **Trial:** SPECIAL FINDINGS: REVIEW.   A special finding will
   not be assumed to be in conflict with the general verdict of a
   jury, unless clearly so made to appear.

3. ———: ———: ———.   A special finding, though clearly unsus-
   tained by the evidence, must be disregarded when the fact es-
   tablished by it is clearly irrelevant to the issues on trial.

ERROR from the district court of Hall county.   Tried
below before HARRISON, J.

*Abbott & Caldwell,* for plaintiff in error.

*W. H. Thompson* and *W. H. Platt, contra.*

RYAN, C.

This case was begun in the district court of Hall county
by the Citizens National Bank for the recovery of posses-
sion of a stock of drugs, etc., claimed by virtue of a chat-
tle mortgage executed by one Zimmer, the owner thereof,
to C. Ipsen, by whom the notes and said mortgage were
transferred to said bank.   There was on the first trial
a verdict in favor of the bank, whereby its special interest
as mortgagee was fixed at $1,137.25, and from a judgment
upon said verdict error proceedings were prosecuted to
this court.   There was, thereupon, a reversal of the judg-
ment of the district court, and it was held that a mortgage
on goods created a specific lien upon the property mort-

gaged and none other. Another trial in the district court resulted in a special findings by the jury that the value of the goods replevied was $1,526.10, and that the plaintiff was entitled to the possession of $750. The difference between $1,526.10 and $750 was found in favor of the defendant in error, the sheriff of Hall county, whose interest therein was founded upon the levy of certain writs of attachment against one Heimberger, who had, since the making of the mortgage, become owner of the property in c ntroversy.

The description in the mortgage was of an entire stock of drugs, etc., described as being in a drug store known as the Ipsen drug store. There was no provision evincing an intention to subject to the lien of the mortgage any goods or other article afterwards placed in the said stock, hence such accretions were not subject to said mortgage and this was what, in fact, was decided upon the former hearing in this court. To fix definite data upon which to establish the rights of the respective parties, the district court submitted to the jury special interrogatories, which were so answered as to enable this to be done. It is complained by the plaintiff in error, however, that certain of these interrogatories were answered in such a way as to afford no proper basis for the general verdict, besides being contradictory of each other. There were special findings to the effect that the stock replevied was in part the stock mortgaged, and that the interest of plaintiff in the stock was $750. It is insisted that this last special finding was irreconcilable with still another, that the replevied stock comprised plush goods, etc., of the value of $200 purchased after the execution of the bill of sale from Zimmer to Heimberger. The mortgage under which the Citizens National Bank claimed its rights was dated July 28, 1884, and was made by Mr. Zimmer, who executed the above mentioned bill of sale to Heimberger October 4, 1886. The interrogatory as to the plush goods purchased referred

to such time as had elapsed after the last mentioned date, and, therefore, of necessity excluded the interim between July 28, 1884, and October 4, 1886, a period of over two years. It is therefore very clear that by this special finding as to the purchase of plush goods, etc., there was nothing settled as to the amount in value of goods purchased by Zimmer before he sold out to Heimberger, consequently the exclusion from the operation of the mortgage of goods in excess of $750 in value was not of necessity in conflict with the finding of purchases to the amount of $200 in value. The special finding, therefore, that plaintiff's interest was but $750, was contradictory of no other finding. It was in harmony with the general verdict and was not without the support of sufficient evidence to sustain it. It is quite clear that the face of the notes secured by mortgage held by plaintiff was $950, irrespective of interest which had accumulated, consequently the special finding that there was due on said notes only $750 was unsupported by the evidence. We do not, however, regard this as at all material, for this action was not for the recovery of a judgment against the maker for the amount of these notes. It was one for the possession of mortgaged property which plaintiff claimed as against the rights of parties on whose behalf levies of attachments had been made. As has already been pointed out, these rights were settled by the special findings of the jury, the mistake in respect to the amount due plaintiff from one not a party to the suit was therefore immaterial to the merits of the controversy. The judgment of the district court is

AFFIRMED.

HARRISON, J., not sitting.